# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | CASE NO. 1:10-cv-00953-OWW-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| SGT. JONES, et al., | |
| Defendants. | |

Plaintiff Lamar Singleton, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison in Delano, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("CSATF-SP"). Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Sgt. Jones, Lt. James, C/O Paz, and C/O Alcazar as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will provide Plaintiff with leave to file an amended complaint which cures the deficiencies identified in this order.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff claims that Defendants were deliberately indifferent toward a serious threat of harm posed by one of Plaintiff's known enemies.  In August 2009, Plaintiff informed prison staff that his then-cellmate, inmate Robinson, was planning to stab building officer C/O Chavez.  Plaintiff was told that inmate Robertson[1] would be listed as a hostile enemy and that Plaintiff would not have to worry about being on the same yard as him.

---

[1] Plaintiff identifies his former cellmate as inmate Robinson in the first sentence of his statement of the facts. However, in the rest of his complaint, Plaintiff refers to him as inmate Robertson.  Presumably, this is a typo and Plaintiff is referring to the same person.

It is unclear whether Plaintiff was removed from the cell or otherwise separated from inmate Robertson after Plaintiff informed prison officials about Robertson's plot. If Plaintiff was separated from inmate Robertson, it is unclear when this separation occurred. Plaintiff alleges that prison officials later attempted to re-house Plaintiff with Robertson, suggesting that the two were separated at some point.

On April 9, 2010, Plaintiff was housed in administrative segregation after being removed from suicide watch. On April 15, 2010, Defendants Jones and Paz brought inmate Robertson to Plaintiff's cell. Plaintiff told Paz that he could not be housed with Robertson. Plaintiff was told to cuff up or be placed on management status. Plaintiff complied and was housed with Robertson. Later, Plaintiff was attacked by Robertson while Plaintiff was using the restroom. Robertson kicked Plaintiff on the side and told Plaintiff that he would be stomped to death. Plaintiff was repeatedly kicked while curled in a corner. Plaintiff claims that Defendants James, Jones, and Paz are responsible for housing Plaintiff in a safe environment.

After the attack, Plaintiff requested medical attention from Defendant Alcazar and other nurses in the prison. Plaintiff informed them about the altercation with inmate Robertson. However, Plaintiff was ignored and laughed at and did not see a doctor. Plaintiff claims that he has a leg injury.

### III. Discussion

Plaintiff claims that his rights under the Eighth Amendment were violated when he was housed with a known enemy. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's

necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff fails to allege what Defendant James did or failed to do that put Plaintiff's life in danger. Plaintiff cannot hold James liable by simply alleging that James is responsible for housing Plaintiff's safely and that Plaintiff was not housed safely. Plaintiff must allege that James knew of a serious risk to Plaintiff's safety and must identify how James was deliberately indifferent toward that risk to Plaintiff's safety.

Plaintiff fails to allege that Defendants Jones and Paz were aware of any serious risk to Plaintiff's safety. Plaintiff alleges that Jones and Paz brought inmate Robertson to be housed with Plaintiff and alleges that Plaintiff informed Paz that they could not be housed together. However, Plaintiff does not allege that he told Jones or Paz that inmate Robertson posed a threat to Plaintiff's safety. Plaintiff does not allege that Jones or Paz knew that Robertson was a known enemy. Plaintiff cannot state a claim under Section 1983 by alleging that Jones or Paz should have known that Robertson posed a serious risk to Plaintiff's safety. Plaintiff must allege that Jones or Paz actually knew that Robertson posed a serious risk to Plaintiff's safety and Plaintiff must allege how Jones or

4

Paz knew that Robertson posed a serious risk to Plaintiff's safety. Plaintiff fails to state any cognizable claims against Defendants Jones, Paz, or James.

Finally, Plaintiff alleges that Defendant Alcazar violated his Eighth Amendment rights by failing to provide medical treatment after Plaintiff was attacked. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff does not allege that he had a serious medical need. Plaintiff does not allege that he suffered any serious injuries because he did not receive medical treatment. Plaintiff fails to identify what medical treatment he needed or should have received that would have prevented such an injury. Further, Plaintiff fails to allege that Defendant Alcazar was aware that Plaintiff had a serious need for medical treatment. Accordingly, Plaintiff fails to state any cognizable claims against Defendant Alcazar.

**IV.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless

it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 16, 2011**                              /s/ Sheila K. Oberto
                                                                          UNITED STATES MAGISTRATE JUDGE