# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMAR SINGLETON, SR., | CASE NO. 1:10-cv–00953-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| JONES, et al., | (ECF No. 20) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff LeMar Singleton, Sr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 17, 2011, Plaintiff's complaint was dismissed, with leave to amend, for failure to state a claim. (ECF No. 13.) Currently before the Court is the first amended complaint, filed August 18, 2011. (ECF No. 20.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Kern Valley State Prison.  Plaintiff brings this action against Defendants Jones, Paz, and Byers for violations of the Eighth Amendment and is seeking monetary damages.

Plaintiff alleges that around April 8, 2010, while housed at the Substance Abuse Treatment Facility, Defendants Paz and Jones approached his cell with his ex-cell mate, Robinson.  Robinson had just returned to the custody of CDCR from an unrelated case in Florida.  Plaintiff informed Defendants Paz and Jones that he could not be housed with Robinson.  Defendants told Plaintiff to cuff up and accept Robinson as a cell mate or they would take his belongings.  Shortly after being placed in the cell, Robinson knocked Plaintiff against the cell door and began kicking, hitting, and stomping on him.

After about four hours, Defendant Paz came to the cell and told Plaintiff to cuff up because a mistake had been made.  Defendant Pax informed Plaintiff that he should appeal the decision because Defendant Jones had ordered the move.  Plaintiff states that on "7-10" he provided information to staff that Robinson was going to stab another inmate.  On that day he was told that he would not be housed at the same facility with Robinson as long as he was in the custody of CDCR.  Plaintiff alleges that Defendants Paz and Jones should have known that he was at a substantial risk of harm because he had informed on Robinson and he had a right to be protected from assault.

Plaintiff alleges that after being treated the first time for his injuries, he informed Defendant Byers that he was in so much pain that he was unable to sleep.  Defendant Byers refused to treat Plaintiff for a torn rotator cuff and back and neck pain because he was told by Defendant Jones and staff that no altercation had occurred.  Plaintiff alleges that Defendant Byers scratched him from the medical line requiring Plaintiff to go to emergency medical to get his steroid injections for his hip

and shoulder pain.

### III. Discussion

#### A. Failure to Protect

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)).

Liberally construed Plaintiff's complaint states a cognizable claim for failure to protect against Defendants Jones and Paz.

#### B. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).

Plaintiff fails to set forth sufficient allegations to show that Defendant Byer was aware of a serious medical need and failed to respond. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114

3

S. Ct. 1970, 1979 (1994). According to the allegations in the complaint, Defendant Byer did not believe that Plaintiff had been in an altercation or that he had been injured. An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057.

Even assuming that Defendant Byer was aware of Plaintiff's medical needs and failed to respond, Plaintiff fails to set forth facts that there was anything more than a delay in treatment. As alleged, Plaintiff received steroid injections for his hip and shoulder through emergency medical. Plaintiff's allegations do not show that he suffered substantial harm due to any delay in treatment. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

Finally, Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Unrelated claims against different defendants belong in separate law suits, not only 'to prevent the sort of morass' produced by multi- claim, multi- defendant suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, [ ] 28 U.S.C. § 1915(g)." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

Plaintiff's allegations regarding lack of medical care by Defendant Byer are unrelated to the his failure to protect claims that have been found cognizable in this action. If Plaintiff wishes to pursue his claims against Defendant Byer he must file a separate action.

**C.  Negligence**

Plaintiff also alleges a claim for negligence under California law. A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause

of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009). At the pleading stage, Plaintiff's allegations are sufficient to state a claim for negligence against Defendants Paz and Jones.

**VI.    Conclusion and Recommendation**

The Court finds that Plaintiff's complaint states a claim against Defendants Paz and Jones for failure to protect in violation of the Eighth Amendment, but fails to state any other claims upon which relief can be granted under § 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on the first amended complaint, filed August 18, 2011, against Defendants Paz and Jones for failure to protect in violation of the Eighth Amendment and negligence under state law;

2. Defendants James, Alcazar, and Byer be dismissed from this action for Plaintiff's failure to state a cognizable claim against them; and

3. Plaintiff's Eighth Amendment medical claim be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 7, 2011**                      /s/ **Barbara A. McAuliffe**
                                                                  UNITED STATES MAGISTRATE JUDGE