# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMAR SINGLETON, SR.,<br><br>         Plaintiff,<br><br>    v.<br><br>JONES, et al.,<br><br>         Defendants.<br>_____ / | CASE NO. 1:10-cv–00953-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL (ECF Nos. 49, 50)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL |

Plaintiff LeMar Singleton, Sr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on May 27, 2010. (ECF No. 1.) A first amended complaint was filed on August 18, 2011. (ECF No. 20.) On November 8, 2011, the first amended complaint was screened and findings and recommendations issued recommending dismissing certain claims and Defendants. (ECF Nos. 23.) An order directing service of Defendants was issued on January 13, 2012. (ECF No. 27.) On February 10, 2012, an order issued adopting the findings and recommendations. (ECF No. 30.) An answer was filed by Defendants Jones and Paz on May 4, 2012. (ECF No. 34.) Defendants filed a motion to dismiss for failure to exhaust administrative remedies on August 2, 2012. (ECF No. 43.) Plaintiff filed a notice of voluntary dismissal on September 6, 2012, and Defendants filed a request for dismissal on September 7, 2012. (ECF Nos. 49, 50.)

"[U]nder Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (*quoting* Wilson v.

1

1  City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "[A] dismissal under Rule 41(a)(1) is effective
2  on filing, no court order is required, the parties are left as though no action had been brought, the
3  defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at
4  1078.  However, once the defendant has filed an answer or motion for summary judgment, a
5  plaintiff's motion for voluntary dismissal is filed under Federal Rules of Civil Procedure 41(a)(2).
6  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).  "[A]n action may be dismissed at the
7  plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P.
8  41(a)(2).  Pursuant to Rule 41(a)(2), there are three separate determinations for the court to make:
9  1) whether to allow dismissal; 2) whether the dismissal should be with or without prejudice; and 3)
10  what terms and conditions, if any, should be imposed. Williams v. Peralta Community College Dist.,
11  227 F.R.D. 538, 539 (N.D.Cal. 2005).

12       A court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless the
13  defendant shows that he will suffer legal prejudice as a result. Smith v Lenches, 263 F.3d 972, 975
14  (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some
15  legal argument.'" Smith, 263 F.3d at 976 (*quoting* Westlands Water Dist. V. United States, 100 F.3d
16  94, 96 (9th Cir. 1996).  Legal prejudice does not result because the dispute remains unresolved, there
17  is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. Smith,
18  263 F.3d at 976.  In this action, Defendants do not argue any legal prejudice will result from the
19  dismissal.  The parties are both requesting voluntary dismissal and there are no terms or conditions
20  that need to be imposed in dismissing this action.

21       Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case
22  and adjust the docket to reflect voluntary dismissal of this action, without prejudice, pursuant to Rule
23  41(a).  All pending motions are terminated.
24  IT IS SO ORDERED.

25  
26  Dated:  September 14, 2012
                             CHIEF UNITED STATES DISTRICT JUDGE
27
28